UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHELSEA GARRETT, | ) | CASE NO.: 5:12-CV-00404 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANTS' ANSWER** |
| | ) | |
| CITY OF STOW, et al., | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| Defendants. | ) | |

Now come Defendants City of Stow, Officer Jesse J. Reedy, Officer Brian R. Haddix and Chief Louis A. Dirker, Jr., by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to the Plaintiff's Complaint state as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Answering Defendants. Further answering said Paragraph, Defendants deny any wrongful conduct or any liability in this matter. Further answering said Paragraph, Defendants admit on or about November 5, 2011, Plaintiff Chelsea Garrett was tasered and arrested by officers of the Stow Police Department. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit Plaintiff's Complaint purports to state claims under 42 U.S.C. § 1983 for unreasonable search and seizure and excessive force under the Fourth Amendment of the United States Constitution. Further answering said Paragraph, Defendants deny any wrongful conduct or violation of law.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit Plaintiff purports to state a claim against the City of Stow under *Monell v. New York Department of Social Services* for failure to train and for alleged custom, policies or practices which allegedly caused the constitutional violation. Further answering said Paragraph, Defendants deny any wrongful conduct and deny any violation of law.

4. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit Plaintiff purports to make state law claims for assault and battery. Further answering said Paragraph, Defendants deny any wrongful conduct or violation of law.

5. Answering Paragraphs 5 and 6 of Plaintiff's Complaint, Defendants admit this Honorable Court has jurisdiction over this matter.

6. Answering Paragraph 7 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

7. Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit venue is proper before this Honorable Court.

8. Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit to the best of their knowledge and belief, Plaintiff resides in Summit County, within the Northern District of Ohio. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

9. Answering Paragraph 10 of Plaintiff's Complaint, Defendant City Stow admits it is a political subdivision of the State of Ohio, located in the Northern District of Ohio, Eastern Division and is a person for purposes of 42 U.S.C. § 1983. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

10.     Answering Paragraphs 11 and 12 of Plaintiff's Complaint, Defendants admit Jessie Reedy and Brian Haddix are police officers of the City of Stow and were acting under color of law at all times relevant to this litigation. Further answering said Paragraphs, Defendants admit they are persons under 42 U.S.C. § 1983 and that Plaintiff purports to sue them in their individual capacity.

11.     Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit Louis A. Dirker is the Chief of Police for the City of Stow, Ohio and is a person under 42 U.S.C. § 1983 and is being sued in his official capacity. Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

12.     Answering Paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of Plaintiff's height and weight and therefore deny the same. Further answering said Paragraph, Defendants, based on information and belief admit Plaintiff is a 23 year old female.

13.     Answering Paragraph 15 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same. Further answering said Paragraph, Defendants admit Plaintiff eventually represented herself as being an insulin dependent diabetic.

14.     Answering Paragraph 16 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

15.     Answering Paragraph 17 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

16. Answering Paragraph 18 of Plaintiff's Complaint, Defendants admit Plaintiff had a collision in the City of Akron and left the scene of the collision, driving in an erratic fashion. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

17. Answering Paragraph 19 of Plaintiff's Complaint, Defendants again admit Plaintiff left the scene of the Akron motor vehicle accident and was subsequently identified as the operator of the motor vehicle. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

18. Answering Paragraph 20 of Plaintiff's Complaint, Defendants admit they were not aware of Plaintiff's Akron collision at the time of the events of Plaintiff's arrest in the City of Stow. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

19. Answering Paragraph 21 of Plaintiff's Complaint, Defendants admit the City of Stow Police Department received a report of a motorist driving recklessly and responded to the same. Further answering said Paragraph, Defendants admit Officer Reedy observed Plaintiff driving her automobile recklessly, crossing the centerline of traffic and almost striking the cruiser of Officer Reedy. Officer Reedy stopped his car in the shoulder, turned on his overhead lights and activated his siren, giving several audible alerts to the oncoming vehicle. The vehicle swerved around Officer Reedy. Officer Reedy, after turning around his cruiser, caught up to the Plaintiff's automobile and attempted to make a traffic stop using overhead lights and sirens. The

Plaintiff's vehicle eventually pulled into the driveway of business, stopping briefly and then proceeding forward again for a short distance before eventually stopping her car. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

20. Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit after stopping her vehicle, Plaintiff exited her vehicle. Further answering said Paragraph, Defendants admit Plaintiff was not holding anything in her hands or reaching for anything on her body and was not making sudden gestures. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

21. Answering Paragraph 23 of Plaintiff's Complaint, Defendants aver that when Plaintiff exited her vehicle, Defendant Reedy drew his firearm and held it in a low ready position, until he saw Plaintiff was unarmed, at which time he drew his taser, holding his taser in his left hand. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

22. Answering Paragraph 24 of Plaintiff's Complaint, Defendants aver that notwithstanding commands to keep her distance, Plaintiff continued walking slowly towards Defendant Reedy. When Plaintiff came within an unsafe distance of Defendant Reedy, Defendant Reedy struck Plaintiff with the palm of his left hand in which he was holding his taser. Further answering said Paragraph, Defendants aver that Plaintiff fell to the ground. Further answering said Paragraph, Defendants admit Officer Reedy's statement indicated he did not deploy the taser at that time due to Plaintiff's small physical size. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

23. Answering Paragraph 25 of Plaintiff's Complaint, Defendants admits Plaintiff fell to the ground and put her hand on her chest. Further answering said Paragraph, Defendants

admit Plaintiff got up slowly and again began advance towards Officer Reedy despite his commands that she remain on the ground. As she approached Officer Reedy, Officer Reedy deployed his taser, without effect, as one probe of the taser missed Plaintiff and as a result a circuit was not formed. Plaintiff was then given a drive stun to her right thigh to complete the circuit, at which time Plaintiff fell to the ground. Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

24. Answering Paragraph 26 of Plaintiff's Complaint, Defendants aver that once on the ground, Officer Reedy attempted to roll Plaintiff over onto her stomach, but Plaintiff sat up and attempted to standup. Officer Reedy physically held her down by pushing down on her shoulder and back to prevent her from standing. Plaintiff continued trying to stand while awaiting the arrival of a back up officer. As Plaintiff began to slip free and attempted to stand up, a second drive stun was applied with the taser. Officer Haddix then arrived and Officer Haddix was able to handcuff Plaintiff. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

25. Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26. Answering Paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Further answering said Paragraph, Defendants admit Plaintiff remains seated on the ground for several minutes and for part of that time the officers have their hands on Plaintiff's shoulders, keeping her in a seated position.

27. Answering Paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

28. Answering Paragraph 30 of Plaintiff's Complaint, Defendants admit Plaintiff did not "charge at" Officer Reedy and did not appear aggressive or pose an apparent "significant" threat to his safety. Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

29. Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

30. Answering Paragraph 32 of Plaintiff's Complaint, Defendants admit Plaintiff was transported to Akron General North Emergency Department by Stow Emergency Medical personnel where she was sedated and was bound at the wrist and ankles due to her ongoing struggles with medical personnel. Further answering said Paragraph, Defendants admit Plaintiff was transported by emergency medical personnel to Summa Akron City Hospital where she was treated and subsequently released. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

31. Answering Paragraph 33 of Plaintiff's Complaint, Defendants admit Plaintiff was charged with reckless operation of a motor vehicle and obstructing official business. Further answering said Paragraph, Defendants aver Plaintiff was convicted of reckless operation and acquitted of obstructing official business.

32. Answering Paragraph 34 of Plaintiff's Complaint, Defendants admit the toxicology examination did not confirm any intoxicating substances of an illegal nature. Further answering said Paragraph, Defendant are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

33. Answering Paragraph 35 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 32 of their answer as if fully rewritten herein.

34. Answering Paragraphs 36, 37, 38 and 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein and controvert the prayer contained subsequent to Paragraph 39 of Plaintiff's Complaint.

35. Answering Paragraph 40 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 34 of their answer as if fully rewritten herein.

36. Answering Paragraphs 41, 42, 43, 44 and 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein and controvert the prayer contained subsequent to Paragraph 45 of Plaintiff's Complaint.

37. Answering Paragraph 46 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 36 of their answer as if fully rewritten herein.

38. Answering Paragraph 47, 48, 49, 50 and 51 of Plaintiff's Complaint, Defendants deny the allegations contained therein and controvert the prayer contained subsequent to Paragraph 51 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

39. Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 38 of their answer as if fully rewritten herein.

40. Plaintiff's Complaint, in whole or in part, is barred by qualified immunity.

## SECOND DEFENSE

41. Plaintiff's Complaint, in whole or in part, is barred by state law sovereign immunity pursuant to Chapter 2744 of the Ohio Revised Code.

## THIRD DEFENSE

42. Plaintiff's Complaint, in whole or in part, is barred by common law privilege.

## FOURTH DEFENSE

43. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**WHEREFORE**, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
TAMI Z. HANNON (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
            thannon@mrrlaw.com

Counsel for Defendants City of Stow, Officer Jesse J. Reedy, Officer Brian R. Haddix and Louis A. Dirker, Jr.

**JURY DEMAND**

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
TAMI Z. HANNON (0079812)

Counsel for Defendants City of Stow, Officer Jesse J. Reedy, Officer Brian R. Haddix and Louis A. Dirker, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2012, a copy of the foregoing Defendants' Answer was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
TAMI Z. HANNON (0079812)

Counsel for Defendants City of Stow, Officer Jesse J. Reedy, Officer Brian R. Haddix and Louis A. Dirker, Jr.

SCOT-120056/Stow Answer