UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHELSEA GARRETT<br>675 Dominic Drive<br>Cuyahoga Falls, OH 44223 | CASE NO. 5:12-cv-404<br><br>JUDGE JOHN R. ADAMS |
| Plaintiff | |
| vs. | |
| CITY OF STOW<br>c/o Law Director, Brian Reali<br>3760 Darrow Road<br>Stow, OH 44224 | **FIRST AMENDED COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |
| and | |
| OFFICER JESSE J. REEDY<br>City of Stow, Division of Police<br>c/o Louis A. Dirker, Jr., Chief of Police<br>3800 Darrow Road<br>Stow, OH 44224 | |
| and | |
| OFFICER BRIAN R. HADDIX<br>City of Stow, Division of Police<br>c/o Louis A. Dirker, Jr., Chief of Police<br>3800 Darrow Road<br>Stow, OH 44224 | |
| and | |
| LOUIS A. DIRKER, JR.<br>CHIEF OF POLICE<br>City of Stow, Division of Police<br>3800 Darrow Road<br>Stow, OH 44224 | |
| Defendants | |

Now comes Plaintiff, Chelsea Garrett (sometimes hereinafter referred to as "Garrett" or "Plaintiff"), by and through counsel, and for her Complaint against the above-named Defendants states and avers as follows:

## INTRODUCTION

1. This is a civil rights action stemming from an incident that occurred in the City of Stow, Ohio, on November 5, 2011, during which Plaintiff, Chelsea Garrett, was TASER-ed, assaulted, and battered by Stow Police officers. As a direct and proximate result of the actions and inactions of the Defendants, Plaintiff suffered physical injuries and endured and continues to endure physical and emotional pain and suffering. Plaintiff Chelsea Garrett seeks compensatory and punitive damages, as well as reasonable attorneys' fees.

2. Plaintiff asserts claims under Title 42, § 1983 of the United States Code ("U.S.C.") for violation of her right to be free from unreasonable seizures and excessive force under the protection of the Fourth and Fourteenth Amendments to the United States Constitution.

3. Plaintiff asserts a § 1983 claim against Defendant City of Stow, Ohio, for failure to properly train and/or supervise its police officers, and for promulgating customs, policies, and/or procedures, which proximately caused the violation of Plaintiff's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

4. Plaintiff asserts pendant state common law claims for assault and battery.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of the subject matter of this case pursuant to 28 U.S.C. § 1331, as certain claims in this civil action arise under the Constitution and laws of the United States, to wit, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

7. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), (e)(1), and (e)(2).

**PARTIES**

9. Plaintiff Chelsea Garrett is, and was at all times relevant, a citizen of the State of Ohio residing in the County of Summit within the Northern District of Ohio, Eastern Division.

10. Defendant City of Stow is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, Eastern Division, and acting under the color of state law. Defendant City of Stow is a "person" under 42 U.S.C. § 1983.

11. Defendant Jesse Reedy (hereinafter referred to as "Reedy") is, and was at all times relevant, a police officer employed by the City of Stow, Ohio acting under the color of state law. Defendant Reedy is a "person" under 42 U.S.C. § 1983. Defendant Reedy is sued in his individual capacity.

12. Defendant Brian Haddix (hereinafter referred to as "Haddix") is, and was at all times relevant, a police officer employed by the City of Stow, Ohio acting under the color of state law. Defendant Haddix is a "person" under 42 U.S.C. § 1983. Defendant Haddix is sued in his individual capacity.

13. Defendant Louis A. Dirker (hereinafter referred to as "Dirker") is, and was at all times relevant, the Chief of Police for the City of Stow, Ohio. At all times relevant, Defendant Dirker was a policymaker for the City of Stow charged with the non-delegable duty to adequately and properly train and supervise police officers employed by the City of Stow. Defendant Dirker is a "person" under 42 U.S.C. § 1983. Defendant Dirker is sued herein in his official capacity.

## STATEMENT OF FACTS

14. Plaintiff, Chelsea Garrett, is a 23-year-old female. She is five feet tall and weighs approximately 100 pounds.

15. At all times relevant, Plaintiff is and was an insulin-dependent diabetic who suffers from multiple chronic illnesses, including diabetes-related disorders.

16. In the weeks immediately preceding the events at issue, Plaintiff began suffering severe cold-like symptoms that resulted in a brief hospitalization, a diagnosis of acute bronchitis, acute pharyngitis, and croup, and necessitated the use of several cold remedies, including, but not necessarily limited to, vitamins, Zycam®, Mucinex®, and over-the-counter cough and cold medication, in addition to the multiple prescription medications she is required to take for her chronic illnesses.

17. On Saturday, November 5, 2011, at around 4:30 PM, Plaintiff Garrett was driving her motor vehicle to the Hudson, Ohio home of close family friends. Chelsea had agreed to babysit the couple's four young children later that night.

18. While traveling to her appointment, upon information and belief, Plaintiff suffered a medical event when she became disoriented and briefly lost consciousness causing her automobile to collide with that of another motorist. The motor vehicle collision was reported to the Akron Police and Fire Departments. Following the accident, Plaintiff, still disoriented, drove her vehicle from the site of collision.

19. When the Akron Police Department arrived at the scene of the motor vehicle collision, witnesses recalled Plaintiff's license plate number. Upon checking Plaintiff's vehicle's registration, Akron Police reported the incident to the Cuyahoga Falls Police Department, the jurisdiction in which Plaintiff's automobile is registered.

20. Because the collision was reported to the Cuyahoga Falls Police Department, rather than the Stow Police Department, neither Defendants Reedy nor Haddix nor other members of the Stow Police Department were aware of the motor vehicle collision at any time relevant to the claims asserted in the Complaint.

21. Unaware of the prior motor vehicle collision, Stow Police received a report of a motorist suspected of recklessly operating a motor vehicle, and Defendant Reedy observed Plaintiff's automobile cross the center line of traffic while approaching in the oncoming lane of travel within the jurisdictional limits of Stow, Ohio.[1] Defendant Reedy made a three-point turn, proceeded behind Garrett's automobile, and signaled for Garret to remove her vehicle from the traveled portion of the roadway. After briefly

---

[1] The events involving the stop, TASER-ing, and arrest of Chelsea Garret, which form the basis of this lawsuit, were captured by the dash-mounted camera in Defendant Reedy's police cruiser. The video currently in Plaintiff's possession, however, is without audio.

5

steering her vehicle onto Route 91/Darrow Road, Plaintiff complied with Defendant Reedy's commands and maneuvered her vehicle into the parking lot/driveway of a local business.

22. Garrett brought her vehicle to a stop, and after several seconds, she slowly exited her vehicle. In an obviously disoriented state, Garrett stood with her hands outstretched and away from her body. It was at all times apparent that Garrett was not holding anything in her hands, was not reaching for anything on her body or otherwise, and was not making any sudden or furtive gestures.

23. When Plaintiff exited her vehicle, Defendant drew his firearm and TASER simultaneously, holding the weapons in his right and left hands, respectively.[2]

24. Garrett slowly walked toward Defendant Reedy. When Plaintiff came within reach of him, Defendant Reedy, using his TASER as a weapon of opportunity, struck Plaintiff with the weapon in her chest. The impact of the blow to her chest caused Plaintiff's legs to collapse and her body to fall to the ground. Defendant Reedy acknowledged that he chose to strike Plaintiff with the TASER, rather than shock her, because of her small size and unaggressive demeanor.

25. Garrett landed on her back and remained on the ground clutching her chest in obvious pain for approximately 23 seconds. Garrett slowly brought herself to her feet. Immediately upon standing, Defendant Reedy TASER-ed Garret causing her to lose consciousness and fall onto the concrete surface of the driveway/parking lot. Immediately after TASER-ing Plaintiff, Defendant Reedy TASER-ed Plaintiff a second time.

---

[2] Many of the facts referenced in this Complaint are taken from the City of Stow, Police Department, Use of Force Review Committee Report.

6

26. Within seconds after Defendant Reedy TASER-ed Garrett, Defendant Haddix arrived on the scene, and together they cuffed Garrett's hands behind her back while she was in a semi-conscious state.

27. Defendant Reedy TASER-ed Plaintiff for a third time, this time shocking her for a duration of not less than five seconds.

28. Garrett remained on the ground in a semi-conscious state with her hands secured behind her back for several minutes as Defendants Reedy and Haddix continued to push and shove Garrett against the concrete surface of the driveway/parking lot.

29. According to Defendant Reedy's own admissions the day after the incident, November 6, 2011, the multiple abrasions and bruises on Garrett's body were the result of Defendants Reedy and Haddix's continuous pushing and slamming Garrett against the concrete surface of the driveway/parking lot.

30. Defendant Reedy stated that Plaintiff posed no significant threat to his safety, was not aggressive, did not charge at him, and did not appear to be on drugs or alcohol. Moreover, Defendant Reedy continued to TASER Plaintiff after she had been subdued and, upon information and belief, while her hands were cuffed behind her back, and after Defendant Haddix was present on the scene.

31. Plaintiff is informed and believes and thereon alleges that Defendant Haddix participated in, acquiesced to, and/or did not intervene to prevent the TASER-ing of Plaintiff when she posed no threat to any person's safety or well-being, after she had been subdued, and while her hands were cuffed behind her back.

32. Upon their arrival at approximately 5:00 PM on November 5, 2011, emergency medical personnel transported Garrett to Akron General North Emergency Department in Stow, Ohio, where she was heavily sedated, bound at the wrists and ankles, and held against her will by several police officers, including Defendant Reedy. Plaintiff was then transported by emergency medical personnel to Summa Akron City Hospital, where she was treated for her injuries and released the next day.

33. Plaintiff Chelsea Garrett has been charged with violating Stow Municipal Codes 333.09, reckless operation of a motor vehicle, and 525.07, obstructing official business.

34. A toxicology examination was performed the results of which revealed a lack of intoxicating substances other than those prescribed under the care of Garrett's endocrinologist, primary care physician, or administered at the request of emergency medical personnel or hospital staff.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against Defendants Reedy and Haddix for Excessive Force in Violation of the Fourth Amendment)

35. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

36. At the aforementioned time and place, Defendants Reedy and Haddix, acting under color of law and within the course and scope of their employment as police officers with Defendant City of Stow, used and/or failed to intervene to prevent the use of unnecessary, unreasonable, outrageous, and excessive force on Garrett in violation of her rights guaranteed by the Fourth Amendment.

37. Defendants Reedy and Haddix's use and/or failure to prevent the use of unnecessary, unreasonable, outrageous, and excessive force, as described herein,

constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

38. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Garrett's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

39. As a direct and proximate result of Defendants Reedy and Haddix's uses and/or failure to intervene to prevent uses of force in violation of Garrett's Fourth and/or Fourteenth Amendment rights, Garrett sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

**WHEREFORE,** Plaintiff Chelsea Garrett prays for judgment against Defendants Reedy and Haddix, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for her injury, damage, and loss;

    b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants City of Stow and Dirker**
**for Customs and Policies Causing Constitutional Violations)**

40. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

9

41. Plaintiff is informed and believes and thereon alleges that Defendants Reedy and Haddix have a history of violating citizens' constitutional rights, making unreasonable seizures, and using excessive force, about which Defendants Dirker and City of Stow are, and were at all times relevant, aware.

42. Plaintiff is informed and believes and thereon alleges that Defendants Dirker and City of Stow failed to adequately and properly train and/or supervise Defendants Reedy and Haddix.

43. Defendants Dirker and City of Stow ratified Defendants Reedy and Haddix's conduct described herein.

44. Plaintiff is informed and believes and thereon alleges that Defendants Dirker and City of Stow implemented customs and policies for training and supervision of City of Stow police officers on the use of force and seizures that are facially violative of the United States Constitution. Alternatively, on information and belief, Defendants Dirker and City of Stow implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were visited upon individuals within the jurisdictional limits of the City of Stow, Ohio, including Plaintiff.

45. As a direct and proximate result of Defendants Dirker and City of Stow's customs and policies described herein, which violate the Fourth and/or Fourteenth Amendment on their face, or otherwise are applied in a manner such that Fourth and Fourteenth Amendment violations are likely to and do occur, Garrett sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering, which will continue into the future.

**WHEREFORE,** Plaintiff Chelsea Garrett prays for judgment against Defendants Dirker and City of Stow, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for her injury, damage, and loss;

    b.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    c.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Common Law Assault and Battery Against Defendants Reedy, Haddix, and City of Stow)**

46. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

47. On November 5, 2011, Defendants Reedy and Haddix threatened bodily harm against Garrett which caused her to be in fear of imminent peril and death.

48. On November 5, 2011, Defendants Reedy and Haddix had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Garrett.

49. At all times relevant, Defendants Reedy and Haddix were acting within the course, scope, and in furtherance of their employment with Defendant City of Stow, rendering Defendant City of Stow vicariously liable for their conduct.

50. Defendants Reedy and Haddix assaulted and battered Garrett with malicious purpose, in bad faith, or in a reckless or wanton manner.

51. As a direct and proximate result of being assaulted and battered by Defendants Reedy and Haddix, Garrett sustained economic and non-economic damages, physical injuries, and physical and emotional pain and suffering.

11

**WHEREFORE,** Plaintiff Chelsea Garrett prays for judgment against Defendants Reedy, Haddix, and City of Stow, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for her injury, damage, and loss;

b. Punitive damages against Defendants Reedy and Haddix in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

*A TRIAL BY JURY IS HEREBY REQUESTED.*


s/ Nicholas A. DiCello
NICHOLAS A. DICELLO  (0075745)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

Respectfully submitted,

s/ Nicholas A. DiCello
NICHOLAS A. DICELLO (0075745)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*

***Counsel for Plaintiff***